UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE SMITH, et al.,

           Plaintiffs,                                Hon. Robert J. Jonker

v.                                          Case No. 1:24-cv-00902

CITY OF NILES, et al.,

           Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs Smith and Miller brings this pro se action alleging that Defendants violated their due-process rights, bringing a claim under 42 U.S.C. § 1983. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be dismissed without prejudice for want of prosecution.

## ANALYSIS

Plaintiffs initiated this action on September 3, 2024. (ECF No. 1). In their complaint, Plaintiffs listed unknown parties as Defendants. (ECF No. 1, PageID.1). At this juncture the only remaining Defendants are the unknown parties. (ECF Nos. 39, 91, 93, and 100). On May 18, 2026, the undersigned issued an Order to Show Cause, requiring Plaintiffs to explain why the claims against the unknown parties should not be dismissed. (ECF No. 104, PageID.670). In the Order, the Court expressly warned

Plaintiffs that failure to timely comply with the Order may result in the dismissal of the lawsuit for want of prosecution.   (ECF No. 104, PageID.670-71).   On May 18, 2026, and June 2, 2026, two court documents were returned as "Not Deliverable as Addressed" to Plaintiff Miller with no action taken by the Clerk's Office as Plaintiff Miller's current address was unknown.   (ECF Nos. 103 and 105).   Neither Plaintiff responded to the Court's Show Cause Order.

An unidentified defendant listed in a complaint is not a party to a lawsuit. Rather, these "Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed."   *Hindes v. FDIC*, 137 F.3d 148, 155 (3rd Cir. 1998) (internal quotation and citation omitted).   The failure to identify and serve a Doe defendant constitutes failure to prosecute and warrants dismissal of that defendant.   *See Saucier v. Camp Brighton Prison*, No. 13-15077, 2016 WL 11468926 at *3 (April 26, 2016), *R&R adopted*, 2016 WL 3251761 (E.D. Mich. June 14, 2016).   Here, Plaintiffs did not identify or serve the unknown Defendants.   Plaintiff cannot maintain a lawsuit against the unserved, unidentified "unknown parties," and this Court should **DISMISS without prejudice** these Defendants.

Additionally, failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.   *See* FED. R. CIV. P. 41(b).   The Court may also dismiss the complaint for want of prosecution if a plaintiff fails to keep the Court apprised of their current address.   W.D. MICH. LCIVR 41.1 ("Failure of a plaintiff to keep

the court apprised of a current address shall be grounds for dismissal for want of prosecution.").

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.  *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims against the remaining unknown Defendants be **DISMISSED without prejudice**.  Plaintiff Miller failed to keep the Court apprised of his current address. Plaintiff's conduct unfairly prejudices Defendants' ability to defend against Plaintiff's claims.  Plaintiff was expressly warned that failure to comply with the Court's Order may result in dismissal of his claims.  Finally, the undersigned finds that, under the circumstances, a lesser sanction is insufficient.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiffs Smith and Miller's complaint be dismissed without prejudice and that this action be terminated.  For the same reasons the undersigned makes these recommendations,

the undersigned finds that an appeal of such would be frivolous and not made in good faith.    *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 15, 2026                    /s/ Phillip J. Green                    
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge

‹4›